J-A11019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MARIETTA OST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID E. OST | : | No. 1411 MDA 2019 |

Appeal from the Order Entered August 20, 2019
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-15-06601

| MARIETTA OST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID E. OST | : | |
| | : | |
| Appellant | : | No. 1511 MDA 2019 |

Appeal from the Order Entered August 20, 2019
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-15-06601

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED SEPTEMBER 08, 2020**

In these cross-appeals, Marietta Ost, Wife, and David E. Ost, Husband, contest aspects of the domestic relations order entered on August 20, 2019, which set forth the parties' equitable distribution for their divorce. Wife claims that the court erred when it ordered deferred distribution of Husband's

_____

[*] Former Justice specially assigned to the Superior Court.

pension—resulting in her receiving half of each monthly distribution—rather than requiring an immediate offset wherein she would be paid half of the present value of the pension from the marital estate. She also claims the court erred when it ordered that Husband pay only $350 in monthly alimony, and when it did not remand to the divorce master to allow Wife an additional half day to further explore Husband's alleged alcohol abuse. Husband claims that the trial court erred when it denied his request that Wife pay his attorneys' fees. Upon review, we affirm.

Husband and Wife were married in 1976, and at the time of the divorce proceedings, they were both in their early 70s; their children are adults. During the marriage, Wife was primarily a homemaker. Husband obtained his PhD shortly after the parties married and was the main income earner. He worked as a consultant and college professor.

After a hearing, the divorce master concluded that Husband's Federal Employees Retirement System (FERS) pension, which is currently in pay status, should be distributed 50/50 between the parties using a deferred distribution method. The remainder of the marital assets were allocated 40% to Husband and 60% to Wife. Wife's share included the marital residence where she currently resides. Both Husband and Wife filed exceptions to the divorce master's report.

On August 14, 2019, the trial court issued an order and opinion overruling both parties' exceptions. It entered an order finalizing the equitable

distribution, together with a decree granting the parties' divorce, on August 20, 2019. These timely appeals followed.

Wife raises three questions on appeal:

1. [Whether] the court should have provided an immediate offset for distribution of the FERS pension instead of in-kind division (distributed distribution) of the monthly payment[?]

2. [Whether] the court should have granted a higher amount of alimony[?]

3. [Whether] the court should have concluded that alcohol abuse is a marital misconduct issue and that such behavior would have a bearing on the equities; thus, requiring a remand to the Master[?]

Wife's Br. at 6 (argument and unnecessary capitalization omitted).

Husband raises one question on cross-appeal: "Should Wife pay at least a portion of Husband's attorney fee due to the need of Husband and Wife's actions?" Husband's Br. at 1.

> We review a challenge to the trial court's equitable distribution scheme for an abuse of discretion. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. We will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. . . . When determining the propriety of an equitable distribution award, this Court must consider the distribution scheme as a whole. We do not evaluate the propriety of the distribution order upon our agreement with the court's actions nor do we find a basis for reversal in the court's application of a single factor. Rather, we look at the distribution as a whole in light of the court's overall application of the 23 Pa.C.S.A. § 3502(a) factors for consideration in awarding equitable distribution. If we fail to find an abuse of discretion, the order must stand. Finally, it is within the province of the trial court to weigh the evidence and decide credibility and

- 3 -

this Court will not reverse those determinations so long as they are supported by the evidence.

***Conner v. Conner***, 217 A.3d 301, 309 (Pa.Super. 2019) (citations and quotation marks omitted). We also review challenges to awards of alimony and of counsel fees for an abuse of discretion. ***See Balicki v. Balicki***, 4 A.3d 654, 659 (Pa.Super. 2010); ***Busse v. Busse***, 921 A.2d 1248, 1258 (Pa.Super. 2007).

In her first issue, Wife contends that the court should have used the immediate offset method to distribute Husband's FERS pension, rather than the deferred distribution method. She argues that the following factors lend support to immediate offset: assets are available from the home and thrift savings plan (TSP); immediate offset will avoid future entanglement between the parties; and deferred distribution results in Wife bearing the risk of Husband dying before her and the pension ending.

Husband responds that in this case, division based on the deferred distribution method is not an abuse of discretion and is supported by law. He argues that the estate does not have assets of the same nature available to provide the immediate offset, and an immediate offset would be inequitable in death because it would provide Wife assets to pass on, but not leave husband with any of the same.

> Pennsylvania law provides two methods for distributing a pension when dividing marital assets. The first method, "immediate offset," awards a percentage of the marital portion of the value of the pension to the party earning it, and offsets the marital value of this pension with other marital assets at equitable distribution. This method is preferred where the estate has sufficient assets to offset the pension, because it does not require the court to retain

jurisdiction indefinitely. The second method, "deferred distribution," generally requires the court to retain jurisdiction until the pension is collected, at which point the pension is divided according to the court's order. This method is more practical where the parties lack sufficient assets to offset the marital value of the pension.

We have recognized that neither distribution scheme will be appropriate to all cases. Rather, **the trial court must balance the advantages and disadvantages of each method according to the facts of the case before it** in order to determine which method would best effectuate economic justice between the parties.

*Conner*, 217 A.3d at 312 (emphasis added, citations omitted).

Here, the trial court found that because the FERS pension is already in pay status and Wife waived her right to a survivor annuity, the deferred distribution method will achieve a more equitable result. The court recognized that sharing both the TSP and FERS pension spreads the risk between both parties. The court stated that it "does not find it to be equitable that Husband should lose the TSP and be forced to have [to] wait on a monthly payment of $3488 so that Wife can have $467,000 at her immediate disposal." Trial Court Opinion, 8/14/19, at 6.

Mindful of the wide discretion afforded the trial court in equitable distribution matters, we conclude that the court did not abuse its discretion when it employed the deferred distribution method for Husband's FERS pension. Wife's first issue is meritless.

In her second issue, Wife contends that the trial court erred when it ordered that Husband pay her only $350 in monthly alimony payments. She proposes that the court should have ordered that Husband pay $800 to

equalize their income under the deferred distribution pension method. In support of this claim, she argues that Husband needs the money less, and that she will now have added expenses such as health insurance. Finally, she claims that it is an abuse of discretion for the court to allow Husband to benefit from higher social security payments without ordering that he pay higher alimony to equalize income.

Husband asserts that the trial court did not abuse its discretion when it ordered that he pay $350 in alimony. He reasoned that the equitable distribution order provided more to Wife up front which therefore lessened the amount of alimony she would need in the future.

The Divorce Code provides that "[w]here a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary." 23 Pa.C.S.A. § 3701(a). It further sets forth seventeen factors to consider in determining whether alimony is necessary and the nature, amount, duration and manner of payment. These factors include, *inter alia*, the parties earning capacities, ages, sources of income, the duration of the marriage, the standard of living during the marriage, the contribution of a spouse as homemaker, and the relative needs of the parties. **See** 23 Pa.C.S.A. § 3701(b).

> Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. An award of alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award.

**Balicki**, 4 A.3d at 659 (citations and quotation marks omitted).

- 6 -

Here, the trial court explained that the divorce master recommended that Husband pay $350 to Wife because of the parties' age, the income disparity between the parties, the needs of the parties, and the fact that Wife will have to provide her own health insurance after the divorce. The court stated that the divorce master accounted for Wife's other arguments when she recommended that 60% of all non-FERS pension assets go to Wife.

Upon review, we conclude that the court did not abuse its discretion when it ordered that Husband pay Wife $350 in alimony. Wife's second issue does not merit relief.

In her third and final issue, Wife argues that the trial court should have remanded this case to the divorce master for the divorce master to allocate an additional half day of argument for Wife to explore any marital misconduct arising from Husband's alleged alcohol abuse during the marriage. Wife did not raise before the master the issue of not being afforded a second day to argue; instead, she bypassed the master and raised the issue for the first time in her exceptions to the master's recommendation. The trial court dismissed Wife's exception, observing that Wife failed to properly request that the master conduct a second day hearing. Upon review, we find that Wife failed to raise her request before the master and conclude that the trial court did

not abuse its discretion in dismissing her exception. Wife's third issue is meritless.[1]

In his sole issue on cross-appeal, Husband claims that the trial court abused its discretion when it failed to order that Wife pay any part of Husband's attorney fee. He argues that he has shown actual need, and that therefore the fees are required in order to place him on par with Wife. Husband supported his claim of actual need by referencing the equitable distribution scheme which, he argues, left him with little ability to pay attorney fees other than a withdrawal from his TSP. In addition, he claims that Wife failed to prosecute the divorce, and this dilatory conduct entitled him to attorney fees as a sanction against Wife under 42 Pa.C.S.A. § 2503(7).

In response, Wife argues that Husband is not in need, citing his ability to pay his attorney from either the TSP or his pension payments, as well as noting other high dollar expenditures Husband allegedly made over the course of the divorce proceedings. She asserts that the case followed a standard time frame, and her actions were not dilatory.

> We will reverse a determination of counsel fees and costs only for an abuse of discretion. The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action

---

[1] We also note that Wife failed to properly develop an argument concerning this issue in her brief before this court. The Rules of Appellate Procedure require a party to support each issue raised with citation to pertinent authority. *See* Pa.R.A.P. 2119(a). Wife did not support her argument with any authority; therefore, we could also have found her claim waived.

without being placed at a financial disadvantage; the parties must be "on par" with one another.

Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution.

*Busse*, 921 A.2d at 1258 (quoting *Teodorski v. Teodorski*, 857 A.2d 194, 201 (Pa.Super. 2004)).

In its opinion, the trial court stated that it did "not find Husband's argument persuasive and finds that the [d]ivorce [m]aster did not abuse her discretion in the allocation of attorney fees." Trial Ct. Op. at 13. Upon review, we do not find that the court abused its discretion in denying Husband's request for attorneys' fees. Accordingly, Husband's issue is meritless.

For the reasons set forth above, we reject the parties' allegations of error and affirm the trial court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/08/2020

- 9 -